NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 27 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GUANGYU LI,

               Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

               Respondent.

No.   16-72513

Agency No. A089-898-422

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 18, 2023[**]

Before:    GRABER, PAEZ, NGUYEN, Circuit Judges.

     Guangyu Li, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's ("IJ") decision denying his applications for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). Our

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies between Li's testimonial and documentary evidence regarding his ex-wife's date of birth, his residences in China, and his addresses in the United States. *See id.* at 1048 (adverse credibility finding reasonable under the totality of the circumstances). Li's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Thus, in the absence of credible testimony, in this case, Li's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the finding that Li did not present corroborative evidence that would otherwise establish his eligibility for relief. *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014) (petitioner's documentary evidence was insufficient to independently support claim).

Substantial evidence also supports the agency's denial of CAT protection because Li's claim was based on the same testimony the agency found not credible, and Li does not point to any other evidence in the record that compels the

conclusion that it is more likely than not he would be tortured in China.  *See*

*Farah*, 348 F.3d at 1157.

We lack jurisdiction to consider Li's contention that a clerical error in the

IJ's decision regarding Li's ex-wife's date of birth affects the agency's analysis of

Li's credibility because he failed to raise the issue before the BIA.  *See Barron v.*

*Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review

claims not presented to the agency).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**